UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED OHIO INSURANCE CO., | ) | |
|     Plaintiff | ) | CIVIL ACTION |
| | ) | NO. |
| v. | ) | |
| | ) | |
| FREDRICK SANTIAGO | ) | |
| ANNETTE PUKALSKI | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY | ) | |
| STEVEN DIXON AND | ) | |
| SHANEQUE BECKFORD | ) | |
| | ) | |
|     Defendants | ) | FEBRUARY 20, 2026 |

## DECLARATORY JUDGMENT COMPLAINT

The Plaintiff, United Ohio Insurance Co., ("United Ohio" or "Plaintiff"), through its undersigned counsel, alleges as follows for its Declaratory Judgment Complaint against the Defendants, Fredrick Santiago, Annette Pukalski, State Farm Mutual Automobile Insurance Company, Steven Dixon and Shaneque Beckford:

## NATURE OF ACTION

1. This is a civil action for declaratory relief. Plaintiff seeks a declaration that it has no duty to defend and/or indemnify Fredrick Santiago under the policy of insurance between United Ohio and Annette Pukalski, with respect to claims made by Steven Dixon and Shaneque Beckford in the lawsuit captioned <u>Dixon et al v. Santiago et al</u> Docket No. CV25-61972333 (the "Dixon lawsuit"), currently pending in Connecticut Superior Court, Judicial District of Hartford.

## PARTIES

2. Plaintiff, United Ohio, is an insurance company incorporated in the State of Ohio, with its principal place of business in Bucyrus, Ohio, and is authorized to provide insurance in the State of Connecticut.

3. Fredrick Santiago is a natural person who resides in Hartford, Connecticut.

4. Annette Pukalski is a natural person who resides in East Hartford, Connecticut.

5. State Farm Mutual Automobile Insurance Company is a foreign corporation with a principal place of business in Bloomington, Illinois.

6. Steven Dixon is a natural person who resides in East Hartford, Connecticut.

7. Shaneque Beckford is a natural person who resides in Manchester, Connecticut.

## JURISDICTION AND VENUE

8  Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over this controversy based upon diversity of citizenship because this matter is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9. An actual controversy exists between the Plaintiff and the Defendants for purposes of 28 U.S.C. § 2201(a), pursuant to which the Plaintiff seeks a declaration of the rights and legal relations of the parties.  The controversy between the parties is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

10. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the District of Connecticut because the Policy was issued to a Connecticut insured and the incident giving rise to Fredrick Santiago's demand for defense and indemnification occurred in Connecticut.

## FACTUAL BACKGROUND

**THE UNDERLYING LAWSUIT**

11. In the Dixon lawsuit, Steven Dixon and Shaneque Beckford asserted claims against Fredrick Santiago Annette Pukalski, State Farm Mutual Automobile Insurance Company.

12. In the Dixon lawsuit, Steven Dixon and Shaneque Beckford allege they sustained injuries when they were involved in a motor vehicle accident on May 22, 2024.

13. Counts One, Two, Three, Five Six, and Seven of Steven Dixon and Shaneque Beckford's Complaint in the Dixon lawsuit, allege the May 22, 2024, motor vehicle accident was caused by the negligence and recklessness of Fredrick Santiago whom they alleged was operating the other motor vehicle involved in the May 22, 2024 motor vehicle accident.

14. In the Dixon lawsuit, Steven Dixon and Shaneque Beckford also allege Annette Pukalski is liable to them in negligence on the basis she was the owner of the vehicle being operated by Fredrick Santiago and that he was operating the vehicle she owned with her authorization and/or as the agent of Ms. Pukalski pursuant to Conn. Gen. Stat. §52-182.

15. In the Dixon lawsuit Steven Dixon also alleges that State Farm Mutual Insurance Company issued a policy of insurance to Shaneque Beckford pursuant to which it agreed to pay uninsured motorist benefits.

16. In the Dixon lawsuit Steven Dixon further alleges Fredrick Santiago was the operator of an uninsured motor vehicle and that State Farm Mutual Insurance Company agreed to pay such sums which an insured under its policy is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.

17. In the Dixon lawsuit Steven Dixon further alleges that in accordance with Conn. Gen. Stat. § S 38a-336, State Farm Mutual Insurance Company is required to provide uninsured motorist benefits to him.

**THE POLICY**

18. On May 22, 2024, an insurance contract existed between United Ohio Insurance Co. and Annette Pukalski by way of policy number AMS 3055177 01 with a coverage period from February 1, 2024 to February 1, 2025. (the "Policy").

19. The Policy provides, in Part A-Liability Coverages: (Form A-10 CT (02-20) pg. 3 of 23) as follows:

**INSURING AGREEMENT**

**A.** We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include pre-judgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

The Policy defines an insured as:

**B.** "Insured" as used in this Part means:

1. You or any "family member" for the ownership, maintenance, or use of any auto or "trailer".
2. Any person using "your covered auto" with your permission provided that the actual operation or use is within the scope or such permission.
3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts of omissions of you or any "family member" for whom coverage is afforded under this Part. This provision (**B.4.**) applies only if the person or organization does not own or hire the

auto or "trailer".

The Policy defines family member as:

**G.** "Family member" means a person whose principal residence is your household and is:

1. Related to you by blood, marriage or adoption;
2. A ward, foster child, or any other person under 21 years old and in your care: or
3. Your unmarried dependent children.
If a court has adjudicated that one parent is the custodial parent, that adjudication shall be conclusive with respect to the minor child's principal residence.

20. The named insured in the Policy, identified in the Policy Declarations, is Annette Pukalski.

## COUNT ONE

21. Paragraphs 1-20 are hereby incorporated as if fully set forth herein.

22. Fredrick Santiago was not a family member of Annette Pukalski at the time of the May 22, 2024, accident giving rise to the Dixon lawsuit.

23. Fredrick Santiago was not a person using Annette Pukalski's covered auto with her permission at the time of the May 22, 2024, accident giving rise to the Dixon lawsuit.

24. Fredrick Santiago does not qualify as an insured under the United Ohio policy with respect to his operation of the vehicle at the time of the May 22, 2024, accident giving rise to the Dixon lawsuit.

25. Because Fredrick Santiago does not qualify as an insured with respect to his operation of the vehicle at the time of the May 22, 2024, accident giving rise to the Dixon lawsuit United Ohio is therefore entitled to a declaration that it does not have a duty to defend Fredrick Santiago as to any claims against him in the Dixon lawsuit.

26.  There are actual, bona fide and substantial questions and issues in dispute, and a substantial uncertainty of legal relations that require settlement between the parties.

## COUNT TWO

27.  Paragraphs 1-26 are hereby incorporated as if fully set forth herein.

28.  United Ohio is entitled to a declaration that it does not have a duty to indemnify Fredrick Santiago as to any claims against him in the Dixon lawsuit.

28.  There are actual, bona fide and substantial questions and issues in dispute, and a substantial uncertainty of legal relations that require settlement between the parties.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, United Ohio Insurance Co., respectfully requests that the Court issue a Declaratory Judgment as follows:

1.  Declaring that United Ohio Insurance Co. does not have a duty to defend Fredrick Santiago for all claims alleged against him in the Dixon lawsuit;

2.  Declaring that United Ohio Insurance Co. does not have a duty to indemnify Fredrick Santiago for all claims alleged against him in the Dixon lawsuit.; and

3.  Granting United Ohio Insurance Company such other and further relief including relief pursuant to 28 U.S.C. § 2202, as the Court may deem just and proper.

        PLAINTIFF
        UNITED OHIO INSURANCE CO.

BY  */s/Deborah Etlinger*
        Deborah Etlinger (ct 02877)
        Erin Canalia (Ct 30489)
        NEUBERT, PEPE & MONTEITH, P.C.
        750 Main Street, Suite 200
        Hartford, CT 06103
        Phone 860.548.1122 | Fax 860.548.1223
        detlinger@npmlaw.com
        ecanalia@npmlaw.com

7

NEUBERT, PEPE & MONTEITH, P.C.
750 MAIN STREET, HARTFORD, CT 06103-3598
PHONE NO. (860) 548-1122; FAX NO. (860) 548-1223
JURIS NO. 440923